**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **NORTHWEST BANK**<br>**PLAINTIFF**<br><br>**V.**<br><br>**FREIGHTSOL, LLC, LAREDOSOL INVESTMENTS, LLC AND ROBERT G. GARZA**<br>**DEFENDANTS** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CASE NO.** 5:26-cv-01316 |

**NORTHWEST BANK'S ORIGINAL COMPLAINT**

Northwest Bank ("NWB") seeks to recover damages from the monetary breach of commercial loan agreement.

**PARTIES & SERVICE**

1. NWB is a financial institution organized under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania. For diversity purposes, NWB is a corporation.[1] Pursuant to 28 U.S.C. §1332(c)(1), NWB is a citizen of Pennsylvania.

2. Borrower Freightsol LLC is a Texas limited liability company with one member: Robert Gume Garza, an individual Texas citizen and domiciliary of Webb County, Texas. Therefore, Freightsol is a citizen of Texas. It may be served with

[1] *See, e.g., OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 220 (2d Cir. 2016) ("Congress enacted to a provision stating that a state-chartered corporation—which includes state-chartered banks—is a citizen of both the state of incorporation and the state of its 'principal place of business.'); *Rouse v. Wachovia Morg., FSB*, 747 F.3d 714 (9th Cir. 2014) ("a significant shift in diversity citizenship followed in 1958 with respect to state-chartered corporations, a category that includes state-chartered banks."); *Benz-Puente v. Truist Fin*., No. 5:23-cv-2682, 2023 WL 4763998 at *3 (E.D. Pa. July 26, 2023) ("A state-chartered bank, like any other corporation under 28 U.SC. § 1332(c), follows the normal citizenship rule . . .").

process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inc., at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3. Guarantor Laredosol Investments LLC is a Texas limited liability company with one member: Robert Gume Garza, an individual Texas citizen and domiciliary of Webb County, Texas. Therefore, Laredosol is a citizen of Texas. It may be served with process through its registered agent, Robert Gume Garza, at 12115 Doc Adams, Suite B, Laredo, Texas 78045.

4. Guarantor Robert Gume Garza is an individual Texas citizen and domiciliary of Webb County, Texas. Mr. Garza may be served with process at 2609 Plantation East Drive, Laredo, Texas 78045, or wherever he may be found.

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity exists.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

7. Freightsol, LLC ("Borrower") borrowed money from money from EFFI Finance, Inc. ("EFFI"). Laredosol Investments, LLC and Mr. Garza (collectively the "Guarantors") guaranteed payment. Subsequently, EFFI assigned its rights, interests, and obligations of the loan documents to NWB. Borrower and Guarantors have failed to repay the debt.

***Execution of the Note & Guaranty***

8. On September 26, 2024, Borrower and EFFI agreed to the terms of a commercial loan in the original principal amount of $3,292,236. The terms of the loan are evidenced by the Promissory Note Number EFFI 1067L-009 (the "Note"), attached as **Exhibit 1** and a Loan and Security Agreement (the "Loan Agreement") attached as **Exhibit 2**. The terms of the Note required the Borrower to make regularly monthly payments toward the debt.

9. The Note was secured by the Guarantors Continuing Guaranty of Indebtedness (the "Guaranty") attached as **Exhibit 3**. The terms of the Guaranty require Guarantors to pay all amounts owing under the Note.

***The Assignment to NWB***

10. On September 26, 2024, EFFI assigned its rights, title, and interest in the Note and Guaranty to NWB (the "Assignment"). The Notice and Acknowledgement of Assignment is attached as **Exhibit 4**.

***Borrower and Guarantors Default***

11. Borrower failed to make the payments due under the Note.

12. By letter dated April 16, 2026, NWB provided notice to the Borrower and Guarantors of the default. The notice is attached as **Exhibit 5**.

13. NWB accelerated the full amount due under the Note and demanded immediate payment of the full amount of the debt.

14. Despite notice, Borrower and Guarantors have failed to repay the debt.

15. All conditions precedent to NWB's recovery under the loan documents have occurred.

***Damages***

16. As of April 15, 2026, a balance of $2,720,661.16 remains due under the Note. This excludes attorneys' fees and costs of court.

## CLAIMS

***Count 1: Breach of Contract—the Note (against Borrower)***

17. The Note, together with its attachments, modifications, amendments, related loan documents, and the Assignment constitutes a valid and legally enforceable contract between NWB and Borrower.

18. NWB is the owner and holder of the Note pursuant to the Assignment.

19. EEFI performed its obligations under the Note by advancing the stated principal sums, among other things.

20. Borrower defaulted under the Note by, among other things, failing to pay the indebtedness owed when due.

21. NWB has suffered damages because of the Borrower's breach.

***Count 2: Breach of Contract—the Guaranty (against Guarantors)***

22. The Guaranty constitutes a valid and legally enforceable contract between EFFI and the Guarantors.

23. NWB is the owner and holder of the Guaranty pursuant to the Assignment.

24. The Note evidences the primary financial obligations underlying the Guaranty.

25. As primary obligor of the amounts due under the Note, Guarantors breached their obligations to NWB by, among other things, failing pay the debt when due.

26. NWB suffered damages because of Guarantors' breach.

***Count 3: Attorneys' Fees (all Defendants)***

27. As a result of Borrower's and Guarantors' breaches, NWB has been damaged in the amount of the unpaid principal, accrued and unpaid interest, expenses, and attorneys' fees.

28. By the terms of the loan documents, Borrower and Guarantors agreed to pay NWB's attorneys' fees and costs associated with enforcement of the loan debt.

29. NWB is entitled to recover its reasonable and necessary attorneys' fees and costs arising from this suit.

## PRAYER

NWB asks for joint and several judgment against Borrower and the Guarantors for NWB's actual damages, pre- and post-judgment interest, attorneys' fees, and expenses. NWB also asks for all other relief to which it is entitled.

Respectfully submitted,

By: s/ David M. Clem

**David M. Clem**
Texas Bar No. 24050428
david.clem@blankrome.com

**Megan Altobelli**
Texas Bar No. 24107116
megan.altobelli@blankrome.com

**BLANK ROME LLP**
200 Crescent Court, Suite 1000
Dallas, Texas 75201
(214) 850-1451 Main
(972) 850-1485 D. Clem Direct

***Counsel for Northwest Bank***